(Decided April 11th, 1860.)

---

# Geo. W. Weems *vs.* The President, Directors and Company of the Farmers Bank of Maryland.

If the acceptor of a bill of exchange be dead, demand may be made upon his personal representative, but there must be *competent* and *legal* proof of his death, and that the party upon whom the demand was made was

such representative; the statement of those facts *in the protest* is not *prima facie* proof thereof.

The Act of 1837, ch. 253, only makes the protest *prima facie* proof of presentment "at the *time and in the manner*" therein stated; its object was to dispense with the necessity of calling the notary as a witness, and to make the protest *prima facie* evidence of the fact that he had presented the bill for payment at the time and in the manner therein stated.

But this Act does not make the protest any evidence of other collateral or independent facts it may contain, especially when such facts are not necessarily within the personal knowledge of the notary, or are of such a character as could not be established by his testimony if he were produced as a witness.

The statement in a protest, that the party on whom the demand was made, was "*one of the administrators*" of the acceptor, does not establish the facts of the *death* of the acceptor, and of the granting of letters of administration on his estate to such party.

APPEAL from the Superior Court of Baltimore city.

*Assumpsit* brought, on the 28th of August 1855, by the appellee, as endorsee, against the appellant, as endorser, of two bills of exchange, both drawn by James Kent on J. J. Speed, of Baltimore, and by him accepted, one for $1000, dated Annapolis, March 31st, 1852, at five months, payable to the order of the defendant, and by him endorsed to the plaintiffs, the other for $285, dated Portland Manor, May 7th, 1852, at six months, payable to the order of Thos. H. Kent, and by him endorsed to the defendant, who endorsed it to the plaintiffs. Plea *non assumpsit*.

*Exception.* The handwriting of the drawer, acceptor and endorsers of both drafts, were admitted. The plaintiff then read in evidence the original protests of both drafts, in each of which the notary states that, he "presented the said bill of exchange to Thomas Whelan, Jr., one of the administrators of the late J. J. Speed, the acceptor thereof, and demanded payment therefor, and was answered, no funds in hand to pay it," &c. The plaintiffs also read in evidence copies of the notices of dishonor to the defendant, and proved that said notices were received at their banking house in Annapolis, on the day after the respective drafts were protested, and that they were on the same day, enclosed in an envelope, directed to the defendant at Lower Marlborough, and put in the Post

Office at Annapolis, in time to go by the mail of the succeeding day, and proved also that the Post Office of the defendant was at Lower Marlborough. The defendant thereupon asked the court to instruct the jury:

1st. That there is no sufficient evidence of a demand for payment, and refusal to pay the bills of exchange, given in evidence by the plaintiffs, to charge the defendant in this case as endorser of the said bills of exchange, and that they must, therefore, find their verdict for the defendant.

2nd. That there is no sufficient evidence that notice was given to the defendant of presentation and demand of payment, and refusal to pay by the acceptor, or any one for him, of the bills of exchange, given in evidence by the plaintiffs, and that their verdict must, therefore, be for the defendant.

The court (LEE, J.) rejected these prayers, and to this ruling the defendant excepted, and, the verdict and judgment being against him, appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON, TUCK and BARTOL, J.

*Robt. J. Brent*, and *Jno. P. Poe* for the appellant.

This case presents two points, viz., the sufficiency of the presentment and demand, and the sufficiency of the notice of that presentment and demand upon the acceptor, to the endorser.

Upon general principles, it is clear, the prayers of the defendant should have been granted, for there is not a particle of testimony in the case to show that Speed, the acceptor, was dead, or that Whelan was his administrator, and in the absence of such evidence connecting the party upon whom the demand was made with the acceptor, the demand would have been unauthorised and gratuitous, and could not have fixed a liability upon the endorser. The law is well settled that in case of the death of the maker at the time of the maturity of the note, presentment for payment should be to his executor or administrator, if any one be appointed and qualified to act. *Story on Prom. Notes, sec.* 253. And, of course,

30          v.15

in an action where it is necessary to show a due demand upon and refusal by the executor or administrator, the fact must be shown by the *best evidence*, (*i. e.*, by letters testamentary or of administration,) that the party upon whom the demand was made, was, in fact, the duly appointed and qualified executor or administrator. In this case this was not done, or attempted to be done, and consequently the plaintiffs would not have been entitled to recover.

But, it is contended by the appellees, that the Act of 1837, ch. 253, makes the notarial protest *prima facie* evidence of its contents, and as the protest represents the demand to have been made on Whelan, one of the administrators of Speed, the acceptor, and as there is no other evidence in the record as to whether Whelan was really the administrator, the evidence of presentment was therefore sufficient. The question to be determined is, therefore, whether this act will bear the construction given to it by the appellees, so as to supersede the necessity of the proof which, but for that Act they would have been obliged to supply before entitling themselves to a recovery.

The language of the first section of the Act (which alone relates to the point now under discussion,) is as follows: "Be it enacted, &c., that a protest duly made by a notary public, of a promissory note, for non-payment, or of a bill of exchange, whether foreign or inland, for non-acceptance or non-payment, shall be *prima facie* evidence of such non-payment or non-acceptance, and of the presentment of such note for payment, or of such bill for acceptance or payment at the time and in the manner stated in the protest."

The object of this law, as declared by this court in *Whiteford vs. Burckmyer & Adams*, 1 *Gill*, 149, was "to extend the credit, which, by the courtesy of commercial nations had previously been given to the certificate of a notary public." Before its passage, it was necessary, in order to prove presentment and demand upon the maker of a note or acceptor of a bill, to produce the notary upon the stand as a witness. His certificate was not admissible evidence, except in case of his death. *Whittington vs. Farmers Bank*, 6 *H. & J.*, 548.

To obviate the great practical difficulty of procuring such evidence and to prevent injustice, the certificate of the notary was declared by the Legislature to be *prima facie* evidence of the presentment by him, for acceptance or payment, "upon the ground, that in every community this officer would be worthy of faith and credit, or at least would be so considered until the contrary was made to appear by disproving his assertion." It could never have been designed by its framers, nor can its language be made to bear such a construction, that the certificate of the notary should be proof of any collateral fact, of which he could know nothing but by hearsay; the *fact* of the presentment at the time and in the manner stated in the protest, is all the statute declares the certificate, of itself, capable of establishing. The only rule of evidence which the law intended to modify, was that strict one which required the production of the notary himself; and inasmuch as it breaks in upon well settled principles applicable to such cases it should not be extended by construction beyond its letter.

To apply a test to this question, which, it is submitted, is decisive:—Suppose that the certificates of protest had been lost and the notary had been called to prove, that he had made a demand upon Whelan, administrator, would he not have been instantly instructed by the court not to say anything about administration, without showing the letters of administration; or unless the proper foundation had been previously laid, by proving that Whelan was the duly appointed and qualified administrator? And can the certificate of the notary be admitted to establish that which the notary himself would have been declared incompetent to prove? Is not this court, if they affirm the judgment of the court below, in effect saying, that greater weight shall be given to the unsworn certificate of a notary, than his testimony, under oath, would be allowed to have? The appellant does not deny the fact, that a demand was made upon Whelan, as stated in the certificate, but he denies, that there is any evidence at all that Whelan was the administrator, and as such the proper party to be called on for payment.

The second prayer will of course share the fate of the first; if one contains a correct statement of the law, the other does also, for if the presentment and demand were irregular, notice to the endorser of such irregular presentment and demand can certainly not bind him. The notice is defective also, because it does not state a demand on, and refusal by, the personal representative of the acceptor, which, in all such cases, are facts necessary to be communicated to the endorser in some form or other, in the notice of protest. *Boehme vs. Carr*, 3 *Md. Rep.*, 210. *Hunter vs. Van Bomhorst*, 1 *Md. Rep.*, 504.

We therefore respectfully submit, that the court below erred in rejecting the prayers of the defendant, and ask for a reversal of the judgment.

*Alex. Randall*, and *Alex. B. Hagner*, for the appellees.

1st, There is no doubt that a demand upon the personal representative is sufficient, in the event of the death of the acceptor before the maturity of the bill. *Chitty on Bills*, 357, 367. *Story on Bills*, secs. 326, 346, 362. *Byles on Bills*, 159. The books do not expressly decide as to the sufficiency of a demand, upon *one* of several administrators, but, upon principle, it should be sufficient. One administrator is competent to grant releases and perform almost every act affecting the estate, which could be accomplished by all. 10 *Iredell*, 263, *Hoke vs. Fleming*. 8 *Blackf.*, 170, *Herald vs. Harper*. 2 *Barb. Ch. Rep.*, 111, *Stuyvesant vs. Hall*. So a demand upon one of several partners is sufficient to bind the firm. *Story on Bills*, secs. 305, 362. *Story on Prom. Notes*, secs. 253, 255. 15 *Ala.*, 832, *Brown vs. Turner*. The demand, therefore, was sufficient, if Whelan was sufficiently proved to be one of the administrators of Speed.

2nd. But it is contended that there is no evidence in the record that Speed was dead, or that Whelan was his administrator. If administration was granted upon Speed's estate, it is sufficient proof that he was dead. 1 *Greenlf. on Ev.*, sec. 550. We insist, that the statement of the notary, admitted, as it was, *without objection* by the appellants,

furnishes sufficient *prima facie* proof, that Whelan was one of the administrators. The Act of 1837, ch. 253, declares, that the protest, duly made, of a bill of exchange for non-payment, shall be *prima facie* evidence of such non-payment, and of the presentment of such bill for payment, at the time and *in the manner* stated in such protest.

Now *the manner* in which the demand was made in this case by the notary, was by presenting the bill to "Whelan, one of the administrators of the late J. J. Speed," and demanding payment from him, and the protest is declared to be *prima facie* evidence that the demand was made *in this manner*. What is this but a certificate by this public officer, that Whelan was acting as the administrator of Speed, and that finding him acting in that capacity he accordingly made the demand upon him? The certificate, therefore, is *prima facie* evidence that he made the demand upon an individual *who was acting* as the administrator of Speed. Suppose the demand was required to be made upon a firm, and the notary should state, that he presented the bill to A., one of the firm of A. & Co., would not this statement be taken as *prima facie* evidence that A. was a member of the firm? In *Nailor vs. Bowie*, 3 *Md. Rep.*, 251, the only evidence that the drawer had removed from Washington, was the statement in the protest, and yet this fact was held, in that case, to be sufficiently proved, in the absence of any contradictory testimony. It may be that the person upon whom the demand has been made in a particular case, is not, in fact, a party to the bill, but that the notary has been misled by a similarity of name or appearance. Proof of such a mistake would defeat the action. But the averment of the notary is *prima facie* evidence of the regularity of the demand, and in the absence of opposing evidence, would warrant the jury in finding the fact as alleged. In the same way the averment of the name of the holders of the bill—of the particular bank or house where the demand was made—of the residence of the notary, &c., &c., may prove to be erroneous, but *prima facie* they are to be taken as correct; and yet these matters are quite as much disconnected with the actual presentment

and demand, as the statement, that the notary found Whelan acting as the administrator of Speed. In the case supposed by the appellant's counsel, where the notary himself should appear on the stand and state that he made the demand on the administrator, we deny that it would be necessary to produce the letters, *unless objection was made to this statement by the other side.* If the defendant did object, then it might be necessary to advance further proof. So in the present case, the protest states that the demand was made upon Whelan, the administrator, and this protest, containing this statement by this universally recognized public officer, was admitted *without objection.* No further evidence can be afterwards required of the truth of these admitted statements. If objection had been made, the case might be different, although the fact that Whelan was *acting* as the administrator, might be sufficient evidence of his appointment in a collateral inquiry like the present.

The notice and protest were read in evidence to the jury *without objection,* and they are, therefore, evidence of every fact necessary to entitle the plaintiffs to recover. It will be observed, that it does not appear from the record, that the evidence in the bill of exceptions, was *all* the evidence offered by the plaintiffs; all the matters of evidence considered necessary by the appellant, may have been afterwards introduced by the plaintiffs. Certainly the jury rendered a verdict for the plaintiffs, upon what they considered sufficient evidence. The plaintiffs had the right to decide for themselves, as to the order in which they should introduce their proof, and accordingly proceeded in the manner described in the exception. Can this court say, in the absence of a contrary statement in the exception, that this was not followed up by other evidence? Unless this was done, it is in the highest degree improbable, that the point, now relied upon by the appellant, was raised below, and therefore under the Act of 1825, ch. 117, this court cannot consider it now. If it had been raised below, nothing was easier than to produce the letters of administration, by way of further proof.

The courts now incline against these technical defences by endorsers. That the appellant was, in fact, injured in any

Weems *vs.* Farmers Bank of Maryland.

way by any informality in the protest, will not be pretended. Will the court strain a point in this case, to promote unnecessary litigation and further expense and delay ?

BARTOL, J., delivered the opinion of this court.

We are of opinion, that the Superior Court erred in refusing the appellant's first prayer.

In order to fix upon the appellant legal responsibility upon the bills of exchange sued on, it was necessary (under the statute,) to prove a demand for payment made upon the party first liable, or his legal representative. In this case, the only proof of such demand is to be found in the notarial certificate of protest, offered in evidence by the appellee. That protest states, that the notary "presented the said bill of exchange to Thomas Whelan, Jr., one of the administrators of the late J. J. Speed, the acceptor thereof, and demanded payment therefor," &c., &c.

If the acceptor of a bill be dead, demand may be made upon his personal representative. But in this case there is no proof of the death of Mr. Speed, the acceptor, nor of the fact that Mr. Whelan, upon whom the demand was made, was one of his administrators. Those facts are stated by the notary in his protest, and it is contended that under the Act of 1837, ch. 253, this statement is sufficient *prima facie* proof.

The Act provides, that a protest, duly made by a notary public, shall be *prima facie* evidence of the presentment of a note or bill for payment, *"at the time and in the manner stated in the protest."*

The object of the Act of 1837, was to dispense with the necessity of calling the notary as a witness at the trial, and to make the *protest prima facie* evidence of the fact, that he has presented the bill for payment at the time and in the manner therein stated, 1 *Gill* 149; but the Act does not constitute the certificate of the notary, any evidence of other collateral or independent facts, which it may contain, especially when such facts are not necessarily within the personal knowledge of the notary, or are of such a character as could not be established by his testimony if he were produc-

Kane *vs.* Mayor & C. C. of Balto., *et al.*

ed as a witness.   In this case, the fact that the bills sued on, were presented to Thomas Whelan, Jr., is sufficiently proved by the protest offered in evidence; but the demand upon Mr. Whelan would not be sufficient, unless it be proved that he was the legal respresentative of Mr. Speed, the acceptor. The statement in the protest, that he was one of the administrators of Mr. Speed, cannot, by any just construction of the Act of 1837, establish the facts of the death of Mr. Speed, the acceptor, and of the granting of letters of administration on his estate to Mr. Whelan.   These facts it was incumbent upon the plaintiff to prove, by other competent and legal evidence, and having failed to do so, there was no sufficient proof of demand and non-payment of the bills sued on to bind the defendant.

*Judgment reversed and procedendo ordered.*

(Decided April 18th, 1860.)